IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL DENNIS MEIGHAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1222 |
| | § | |
| MICHAEL CHERTOFF, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND ORDER

Daniel Dennis Meighan (A#715-560-593) is presently in custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") division, awaiting his removal from the United States. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention. A review of the pleadings shows, however, that the petitioner has failed to exhaust available administrative remedies with respect to his claims. Accordingly, the petition will be dismissed without prejudice for reasons set forth below.

### I.     BACKGROUND

Meighan discloses that he is a native and citizen of Belize who entered the United States on or about January 31, 1992. An immigration judge reportedly entered an order of removal against Meighan on December 4, 2007, on the grounds that he was convicted of a crime which constituted a removable offense. Meighan, who waived his right to appeal, indicates that the order of removal has become final.

Noting that he has been in custody for at least six months, since October 8, 2007, Meighan argues that he should be eligible for supervised release because his removal is not imminently foreseeable. According to Meighan, ICE has been unable to secure the requisite travel documents to effect his removal to Belize. Meighan provides no details in his petition to explain the delay or to clarify why travel documents to Belize are presently unavailable for him. Nevertheless, Meighan seeks a writ of habeas corpus to procure his release from custody. In support, Meighan relies on *Zadvydas v. Davis*, 533 U.S. 678 (2001), which requires an immigration detainee's release under certain circumstances, after the expiration of a presumptively reasonable six-month period of detention, where there is no prospect of removal in the foreseeable future. The Court concludes that the petition is not ripe for review because, as discussed below, it is apparent from the pleadings that Meighan has not exhausted available administrative remedies.

**II.     DISCUSSION**

By statute, the Attorney General has ninety days to effect an alien's departure from the United States once the "removal period" is triggered. 8 U.S.C. § 1231; *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), *cert. denied*, — U.S. —, 127 S. Ct. 973 (2007). Aliens may be detained during the ninety-day removal period. 8 U.S.C. § 1231(a)(2). An alien may be detained beyond this period under certain circumstances. For example, if an alien fails or refuses to cooperate with ICE in obtaining a travel document to effect his removal, or takes other actions to prevent his removal, the removal period is suspended or tolled, and his continued detention is authorized. 8 U.S.C. § 1231(a)(1)(C); *see Balogun v.*

*INS*, 9 F.3d 347, 351 (5th Cir. 1993). After the removal period expires, however, an alien may be released under conditions prescribed by the Attorney General. 8 U.S.C. § 1231(a)(3). Aliens slated for removal who pose a risk to the community or are unlikely to comply with the removal order may be detained beyond the removal period for a time necessary to bring about their removal from the United States under 8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), the Supreme Court held that the United States Constitution does not permit indefinite detention lasting beyond six months past the removal period. After the six-month period expires, an alien may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.* The alien bears the burden of proof in showing that no such likelihood of removal exists. *Id.* Once this has been shown, the burden shifts to the government, which "must respond with evidence sufficient to rebut that showing." *Id.* Not every alien in custody will be entitled to automatic release after the expiration of the six-month period under the scheme announced in *Zadvydas*. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Meighan, who reports that his order of removal became final when it was entered on December 4, 2007, does not show that he has been in custody in excess of the six-month removal period. Because Meighan has not been in custody for more than six months past the expiration of the removal period, his petition does not state a claim for relief. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (finding that the six-month period must

have expired at the time the § 2241 petition was filed in order to state a claim under *Zadvydas*); *Okpuju v. Ridge*, 115 Fed. App'x 302, 2004 WL 2943629 (5th Cir. 2004) (noting that the petitioner's claim regarding his continued detention was premature because the petitioner had not yet been in custody longer than the "presumptively reasonable six-month post-removal order period" set forth in *Zadvydas*), *cert. denied*, 544 U.S. 1066 (2005).

Moreover, it is apparent that Meighan has not yet exhausted available administrative remedies that were implemented after the Supreme Court's decision in *Zadvydas*. After *Zadvydas*, the Attorney General issued regulations to implement administrative review procedures for those aliens detained beyond the removal period. *See* Continued Detention of Aliens Subject to Final Orders of Removal, 66 Fed. Reg. 56977 (Nov. 14, 2001) (codified at 8 C.F.R. § 241.13). Under this scheme, an eligible alien may submit a written request for release to the Headquarters Post-Order Detention Unit ("HQPDU") asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1). The alien must include with the written request information sufficient to establish his compliance with the obligation to effect his removal and to cooperate in the process of obtaining necessary travel documents. 8 C.F.R. § 241.13(d)(2). The HQPDU must respond in writing to the alien, acknowledging receipt of the request for a review of his continued detention. 8 C.F.R. § 241.13(e)(1). Immigration officials may detain the alien until it has made a determination whether there is a significant likelihood that the alien can be removed in the reasonably foreseeable future. *See id*.

The administrative review process contemplates the preparation of a record. If the HQPDU believes that the alien's request provides grounds for further review, it may, in an exercise of discretion, forward a copy of the alien's written request for release to the Department of State for information and assistance in the form of detailed country conditions information or anything else that may be relevant to whether a travel document is obtainable from the country at issue. 8 C.F.R. § 241.13(e)(3). In making its decision about whether removal is reasonably foreseeable, the HQPDU considers a number of factors, including, but not limited to: (1) the history of the alien's efforts to comply with the order of removal; (2) the history of previous efforts to remove aliens to the country in question or to third countries; including the ongoing nature of the efforts to remove the particular alien and the alien's assistance with those efforts; (3) the reasonably foreseeable results of those efforts; and (4) the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question. 8 C.F.R. § 241.13(f). Where there is a continuing effort to remove the alien, there is no presumptive period of time within which the alien's removal must be accomplished, but the prospects for the timeliness of removal must be reasonable under the circumstances. *See id*.

According to the applicable regulations, the HQPDU shall issue a written decision based on the administrative record, including any documentation supplied by the alien, regarding the likelihood of removal and whether there is a significant likelihood that the alien will be removed in the reasonably foreseeable future under the circumstances. 8 C.F.R. § 241.13(g). If there is no significant likelihood that the alien will be removed in the

reasonably foreseeable future, HQPDU officials shall promptly make arrangements for the alien's conditional release. 8 C.F.R. 241.13(g)(1). If there is a significant likelihood that the alien will be removed in the reasonably foreseeable future, however, the HQPDU shall deny the alien's request for release. 8 C.F.R. 241.13(g)(2). There is no administrative appeal from the HQPDU's decision to deny a request for release. *See id.*

The pleadings reflect that Meighan has not yet requested a review of his custody by HQPDU. (Doc. # 1, ¶ 17). Requiring administrative review first will benefit any analysis of the petitioner's claim by virtue of having a record that includes input from the State Department as well as a record of the petitioner's cooperation in obtaining a travel document to secure his removal. Accordingly, for all of the foregoing reasons, the petition will be dismissed without prejudice as premature.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** that the petition is **DISMISSED** without prejudice as premature.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on May 6th, 2008.

_____
Nancy F. Atlas
United States District Judge